[No. 950. Decided October 20, 1893.]

TOWN OF MEDICAL LAKE, *Respondent*, v. ELIJAH L. SMITH, *Appellant*.

MUNICIPAL CORPORATIONS — VOID INCORPORATION — EFFECT OF RE-INCORPORATION — VOID STREET ASSESSMENTS — ESTOPPEL.

A street assessment levied by a town which was illegally incorporated under the act of February 2, 1888, cannot be validated by the re-incorporation of such town under the authority of the act of March 27, 1890 (Laws, p. 133, § 4).

Although a person receiving the benefit of a street improvement, authorized by an attempted but illegal incorporation of a town, may be estopped by his acts from denying his liability as against those who actually did the work, the town cannot, by subsequent re-ncorporation, take advantage of such estoppel.

*Appeal from Superior Court, Spokane County.*

*Prather & Danson,* for appellant.

*Jones, Belt & Quinn,* for respondent:

It is a fundamental principle and elementary doctrine of equity, that an abutting lot owner cannot even encourage the improvement of a street by which his property is benefited, and then be heard to question the legality of the assessment made to pay the expense of such improvement.    And much less will he be allowed to object when he has expressly asked, by petition or otherwise, that the improvement be made and the expense incurred.    That he is estopped under such circumstances, we cite: Cooley, Taxation (2d ed.), p. 819; *State, ex rel. City of Columbus, v. Mitchell,* 31 Ohio St. 592; *Kellogg v. Ely,* 15 Ohio St. 64; *Patterson v. Baumer,* 43 Iowa, 482; *Barker v. Omaha,* 20 N. W. Rep. 382; *Cross v. City of Kansas,* 1 S. W. Rep. 749; Herman, Estoppel (1st ed.), § 544; *Hawthorne v. City of East Portland,* 10 Pac. Rep. 349; *Ricketts v. Spraker,* 77 Ind. 382.

The opinion of the court was delivered by

HOYT, J. — But two questions are presented by the record in this case which it is necessary for us to decide. First, was there such an assessment by the respondent for the purposes of grading the street described in the complaint as would warrant the enforcement of a lien therefor against the property of the appellant; and, second, were the acts of the defendant such as to estop him from denying his liability on account of such improvement, and if they were, was the respondent in a condition to avail itself of such estoppel?

As to the first question above suggested, it is not contended on the part of the respondent that there was, even

in substance, an assessment for the purposes set out in the complaint, unless the acts done by the attempted incorporation were validated by force of the re-incorporation under the law of March 27, 1890 (Laws, p. 133, § 4). The court below held that such was the effect of the act of re-incorporation, but in so doing we think it committed error. We are unable to find any authority in said act for holding that any of the attempted incorporations under the act of February 2, 1888 (Laws, p. 221), would by the simple act of re-incorporation validate all of the acts of such attempted incorporations. It follows that there was no such assessment as would be a foundation for the action described in the complaint.

As to the second proposition, it is not necsssary for us to decide as to the first branch thereof, for the reason that we are of the opinion that even if such estoppel exists as against the appellant, the respondent is not in a condition to take advantage thereof. It did not by itself do the work for which the lien is claimed. All of its rights in the action therefor grow out of the attempted assessment, which, as we have seen, was of no effect. If the acts of the appellant were such as to estop him from denying his liability on account of the improvement, such estoppel could only have force as between him and those who actually did the work, and, as they are not before the court, we cannot decide as to their rights. There was no assessment which bound the property of the defendant, nor any estoppel as against him which could have force in favor of the respondent.

The action of the court in holding to the contrary, and entering judgment in favor of respondent, must be reversed, and the cause remanded with instructions to dismiss the action.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.